IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSE R. JONES                                                                   PLAINTIFF

v.                             CIVIL NO. 07-4026

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Jesse R. Jones brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

Plaintiff protectively filed a DIB application on May 3, 2004, alleging an inability to work since January 1, 2001.[1] (Tr. 55-57). Plaintiff's insured status expired on December 31, 2001. (Tr. 14). An administrative hearing was held on April 6, 2006. (Tr. 276-295). Plaintiff was present and represented by counsel.

In a written decision dated May 23, 2006, the ALJ concluded that plaintiff's claim for DIB failed at step two of the sequential evaluation established by regulation by the

---

[1] As the ALJ addressed in his hearing decision, plaintiff was not able to apply for Supplement Security Income benefits because plaintiff's non-excludable resources exceeded Title XVI limitations. (Tr. 14).

Commissioner, as plaintiff suffered no severe impairment prior to December 31, 2001, the date his insured status expired. (Tr. 17-21).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing additional evidence submitted by plaintiff, the Appeals Council denied plaintiff's request for review of the hearing decision on February 2, 2007. (Tr. 5-9). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties submitted appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 6,7 ).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

**Discussion**:

This court's review function is extremely limited. The court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision, taking

into account whatever in the record fairly detracts from its weight. 42 U.S.C. § 405(g)*; Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir.1989)*; see also, Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445 (8th Cir.1983)*; McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir. 1983)*.* The court must accept the agency's factual determinations and reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.*, 540 F.2d 353, 355 (8th Cir.1976). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

There is a distinction between "substantial evidence" and "substantial evidence on the record as a whole."

> "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court must also take into consideration the weight of the evidence in the record and applying a balancing test to evidence which is contradictory.

*Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989).

The undersigned has concluded that this court is unable to conduct the review of the record which the above cited authority requires. This is so because the evidence submitted and reviewed by the Appeals Council is not in the transcript currently before the court.

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. *See Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to

decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater,* 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir. 1995).

It is impossible for the court to determine if substantial evidence supports the Commissioner's decision since the transcript filed herein does not contain all of "the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Until the entire record, including the evidence submitted and reviewed by the Appeals Council, is gathered and filed, the court does not have the ability to enter a proper judgment on the merits of this case.

The undersigned declines to remand this matter for several reasons. To remand this matter pursuant to sentence four, as opposed to sentence six, would be inappropriate in light of the prejudicial effect such remand would have on the plaintiff's right of redress before this court.

The United States Court of Appeals for the Eighth Circuit has held:

> Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98-99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)*; Hafner v. Sullivan,* 972 F.2d 249, 250-51 (8th Cir.1992). **Sentence four,**

> **by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling.** See *Melkonyan,* **501 U.S. at 98, 111 S.Ct. 2157.**
>
> **Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings**. *See* 42 U.S.C. § 405(g)*; Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Woolf v. Shalala,* 3 F.3d 1210, 1215 (8th Cir.1993). The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). This substantive distinction insures that a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. *Melkonyan,* 501 U.S. at 98, 111 S.Ct. 2157*; see Finkelstein,* 496 U.S. at 626, 110 S.Ct. 2658.

*Buckner v. Apfel,* 213 F.3d 1006, 1010 (8th Cir.2000) (emphasis supplied).

The statute provides, in its pertinent part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g).

The standard language contained in Appeals Council's letters, advising plaintiffs of the action taken on a Request for Review, advises that it will be presumed the letter is received within five (5) days after the date shown on the letter, unless a reasonable showing to the

contrary is made. Potentially, if the matter was remanded pursuant to sentence four, without direction to Commissioner to supplement the record and issue a new decision, any subsequent effort by plaintiff to commence a new civil action seeking judicial review of the denial of benefits would be barred.

A sentence six remand would also be inappropriate in light of the filing of the Commissioner's answer. (Doc. # 5).

The court has been unable to find any clear statutory direction for such a circumstance as this, where remand would technically not fit the definition/requirements of sentence six, and where, if done pursuant to sentence four, it would ultimately result in the plaintiff being time-barred from seeking judicial review, once the record has been supplemented.

The undersigned directs the Commissioner to supplement or reconstruct the missing portion of the transcript, within a reasonable period of time, **not to exceed 60 days**. This matter will be administratively terminated pending the submission of the transcript of the entire record by the Commissioner. In the event the Commissioner is unable to produce a *certified* transcript containing a record of the entire administrative hearing, the Commissioner **shall notify the court of the reasons for his inability to supplement the record by means of filing an appropriate motion or notice.**

## Conclusion:

We recommend that the Commissioner supplement the record as outlined above, within a reasonable period of time. For such purposes, a reasonable period of time shall be 60 days. Further, in the event the Commissioner is unable to supplement or reconstruct the administrative record, he is directed to notify the court via motion or notice of his inability to comply with the

requirements of this opinion. We recommend administratively terminating this matter to allow the Commissioner a reasonable period of time to locate or reconstruct the missing portion of the administrative record. Should the Commissioner be unable to supplement the record as directed, within the time constraints set forth in the court's Order so directing, the court will then entertain an appropriate motion to remand. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of January 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**